UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60520-CIV-COHN

PATSY GRANT,

    Plaintiff,

vs.

WACHOVIA MORTGAGE, FSB,

    Defendant.
_____/

CASE NO. 09-60521-CIV-COHN

PATSY GRANT,

    Plaintiff,

vs.

WACHOVIA MORTGAGE, FSB

    Defendant.
_____/

**FINAL ORDER OF DISMISSAL**

THIS CAUSE is before the Court upon a review of the docket in both cases listed above, Defendant's Motions to Dismiss [DE 4 in both cases] and this Court's Order to Plaintiff to respond to motion to dismiss and show cause why this action should not be dismissed [DE 6 in both cases].  The Court has carefully considered the motion and notes the lack of a response by Plaintiff by the response deadline of May 14, 2009.

Each above action is for alleged violations regarding home loans made by Defendant to Plaintiff.  The Complaints are almost exactly the same and both cases appear to relate to the same property.  The Court previously granted Defendant's motion to consolidate the actions in the lowered-number action consistent with the

Federal Rules of Civil Procedure.  The Court also directed Plaintiff to respond to the Defendant's Motions to Dismiss.

Plaintiff instead filed a motion to compel Defendant to produce certain documents and a motion to sever the cases.  Plaintiff ignored the obligation to respond to Defendant's motions to dismiss.  The Court will now address the Defendant's motion.

Until the Supreme Court decision in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to <u>Twombly</u>, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u>  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  <u>Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).

Defendant argues that Plaintiff has merely labeled her claims in the introductory title of the complaint as "Truth in Lending Violations," but has failed to allege anything

about the elements of a Truth in Lending Act ("TILA") claim. Instead, Defendant argues Plaintiff has put forth "legal conclusions and gibberish" which do not comport with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to give a defendant fair notice of what the claim is and ground upon which it rests. <u>Davis v. Coca-Cola Bottling Co.</u>, 516 F.3d 955, 974 (11th Cir. 2008).

As Defendant asserts, while the Court may give pro se pleadings a liberal reading, the Court cannot act as counsel for plaintiff and rewrite an otherwise deficient pleading. <u>GJR Investments, Inc. v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998). Upon a review of the complaint in both cases, Plaintiff has failed to state a claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motions to Dismiss [DE 4 in both cases] are hereby **GRANTED**;

2. The above-captioned actions (the "Actions") are hereby **DISMISSED** without prejudice for failure to state a claim;

3. Plaintiff's Motion to Sever is denied as moot in both cases;

4. The Clerk may close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of May, 2009.

JAMES I. COHN
United States District Judge

copies to:
Patsy Grant, pro se
560 Princess Drive
Margate, FL 33068

Amy Rubin, Esq./Jennifer Walker, Esq.

3